Mr. Justice. Clayton
delivered the opinion of the Court.
The defendant in error was the builder of the court-house and jail in the county of Rankin, under contract made with commissioners appointed by the board of police. At the July term, 1841, of said board of police, a special tax was ordered to be assessed in said county, to the amount of $6572, and collected and paid over to G. Lane. The tax was assessed, but the collector, W. G. Ross, the plaintiff in error, refused to collect it. Lane applied to the Circuit Court of Rankin county for a mandamus to *712 compel him to do so. Ross, in his return to the writ, admits the contract for the building of the court-house and jail, and admits the order of the board of July, 1841. But he states that the order was procured by fraud and imposition on the part of Lane, and that the board of police, after discovery thereof, rescinded the said order at its February term, 1842, and directed him, as said tax,collector, to abstain from the collection of the tax thereby imposed. He states that he is yielding obedience to the last order, and insists upon the right of the board to make the change. He also insists that the order directing him to collect the special tax, and pay it over to Lane, was unlawful, and involved a breach of his official bond, which required him to pay all taxes by him collected into the State and county treasuries respectively. The Circuit Court awarded the mandamus ; from which decision an appeal was taken to this Court.
The application for this writ is addressed to the sound legal discretion of the Court, and it will not be awarded to enforce the performance of an act which is contrary to law. 1 Cowen, 502; Waldron v. Lee, 5 Pick. 329.
The order of the board of police, made at its July term, 1841, requiring the tax collector to pay the money therein named to Lane, was without authority of law, and has produced all the confusion and difficulty in the cause. The general law on the subject of public buildings for county purposes, requires the board of police to appoint two respectable citizens of the county commissioners of public buildings, whose duty it shall be to superintend their erection, to give bond for the faithful performance of the trust, and for the proper disposition of all money which may come to their hands. H. & H. 466. The law also required the clerk of the board of police, to issue his warrant on the county treasurer for any allowance made by said board, and the treasurer is directed to pay it out of any money not otherwise appropriated. Ib. 450, sec. 27. By the private, act, authorizing the board of police of Rankin county to levy a special tax for the erection of a court-house and jail, the tax collector is required to pay over the same to the commissioners or their ol'der, to take their receipt for the payment,'and to file the same in the office of the county treasurer. Act? of 1839, page 355. By the *713 revenue law of 1841,-approved the 6th of February of that year, the collector is required to collect and pay over the State and county tax by the 1st day of March in each and every year; and' on his failure to do so, suit may be brought and judgment recovered against him and his sureties ; and the county treasurer is required to certify to the district attorney the amount of taxes due by the defaulting collector. Acts of 1841, p. 64. If the law had been pursued in the first order of the board of police, the remedy would have been plain and clear throughout. If the collector failed to pay the money into the county treasury, or in this instance to file the receipt of the commissioners, which, by the act of 1839, above quoted, is substituted in this matter for the money, then it was the duty of the county treasurer to have instituted suit against him and his sureties, and when the money was recovered, to have paid to the order of the board of police, or of the commissioners. But the order requiring the collector to pay to Lane was not authorized by any law, and was an appropriation not within his official bond. His failure to comply with it, or his refusal to give it obedience, would not give this Court a right to issue a mandamus requiring him to do an act without the sanction of law. To do so would make an order of the board of police, although contrary to law, of more effect than the law itself. Until that order is reversed or set aside, it may for some purposes be conclusive between the parties, though upon that we do not now pass, but it cannot control the legal discretion of this Court in granting or withholding a peremptory mandamus. That discretion must be guided by the laws of the land.
We lay no stress upon the order made at the February term, 1842, rescinding the first order. The judgment of a board of police, like that of any other competent tribunal, is final until reversed. Yalabusha County v. Thomas Carbry,* decided at this term of the Court. But that does not relate to judgments obtained by fraud ; they may be set aside upon proper proceedings for the purpose.
Another obstacle to granting this application, is, that the collector of taxes has no right to collect any but such as are contained in the assessor’s list, which is made out and delivered to him annually. *714 The authority of Ross to collect has long since expired. The sheriff of Rankin county, who is now virtute officii the tax collector, would in 1844 have no right to collect any taxes not in the assessor’s list of that year, nor could he go back to the list of 1841. Were we therefore now to award the mandamus, and order it to operate on the sheriff, as the successor of the tax collector, a c.ourse of very doubtful propriety, it would be nugatory. See State v. Jones, 1 Iredell, 416; 4 Ser. & Rawle, 448.
Before the application was made in the Court below (June 1842), the time for collecting the taxes of 1841 had expired. To make the order at all effectual, it must have directed a'new assessment, and to this end there must have been new parties. To complete the difficulties, the act of the legislature'which authorizes the laying of a special tax in that county, for paying for the public buildings, was passed in 1839, and was by its terms to continue in operation only three years.. No order of any Court could justify the laying of a special tax by the board of police at this day for the purpose of paying for the buildings, because the special law has expired by its own limitation ; or authorize the tax collector to proceed to collect upon an assessment made more than three years ago.
Several other questions were made in.the argument, which we shall not notice, because not necessarily involved in the decision.
The judgment of the Court below will be reversed, and the rule discharged.

 This case will be found reported in this volume, ante, page 529.